HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN CORNING and K & K
GROUNDWORKS, LLC,

    Plaintiffs,

v.

MTD PRODUCTS, INC., et al.,

    Defendants.

CASE NO. C17-120 RAJ

ORDER

This matter comes before the Court on Defendants MTD Products, Inc.'s ("MTD") and Sears, Roebuck and Co.'s ("Sears") motion for summary judgment and to exclude testimony of Plaintiffs' expert. Dkt. # 26[1]. Plaintiffs oppose the motion. Dkt. #

---

[1] The Court strongly disfavors footnoted legal citations, **and made this point clear in its Standing Order**. Dkt. # 4 at 4 (stating that "the Court does not allow citations in footnotes or endnotes"). Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the Parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994).

ORDER- 1

31. For the reasons that follow, the Court GRANTS in part and DENIES in part the motion.

## I. BACKGROUND

Plaintiffs claim that the lawnmower in dispute had a defective design that caused the machine to malfunction, slipping out of gear and failing to break on a steep downhill slope. *See* Dkt. # 21 (First Amended Complaint). Defendants move the Court for summary judgment, in large part, because they disagree with the credibility of Plaintiffs' expert's analysis.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000). Credibility determinations and the weighing of the evidence are jury functions, not those of a judge. *Anderson*, 477 U.S. at 255.

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

In resolving a motion for summary judgment, the court may only consider admissible evidence. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). At the summary judgment stage, a court focuses on the admissibility of the evidence's content, not on the admissibility of the evidence's form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

### III. DISCUSSION

#### A. Expert Testimony

Defendants wish to exclude the testimony of Plaintiffs' expert, Patrick D. Riedlinger. *See generally* Dkt. # 26. Defendants do not question Mr. Riedlinger's credentials but rather argue that his "opinions are untested, unreliable and depend on the type of circular logic that *Daubert* and Rule 702 were intended to prevent." *Id.* at 7. The Court finds that the balance of Defendants' arguments amount to credibility judgments. Indeed, the Court agrees with Plaintiffs' representation that Mr. Riedlinger "uses over 30 years of engineering experience, research, investigation, and production inspection/testing" to do his work as an expert witness. Dkt. # 31 at 6. Because the issue

of his credibility is an issue for the jury, the Court declines to exclude Mr. Riedlinger's testimony on summary judgment. *Anderson*, 477 U.S. at 255.

B. <u>Washington Products Liability Act (WPLA)</u>

Defendants also seek summary judgment on each of Plaintiffs' product liability claims. Dkt. # 26 at 6. "The WPLA, RCW 7.72 et seq., is the exclusive remedy for product liability claims in Washington." *Kirkland v. Emhart Glass S.A.*, 805 F. Supp. 2d 1072, 1076 (W.D. Wash. 2011). The statutory framework authorizes claims for manufacturing and design defects, and the failure to warn. *Id.*; *see also* RCW 7.72.030. Defendants' arguments for summary judgment on Plaintiffs' manufacturing and design defect claims are largely premised on the unreliability[2] of Mr. Riedlinger's testimony and Mr. Corning's. However, the Court finds this testimony admissible and therefore genuine disputes of material facts exist as to these claims. These claims will continue to trial.

Defendants argue that Plaintiffs "failed to demonstrate that any alleged lack of adequate warnings or instructions proximately caused their injuries." Dkt. # 26 at 25. Indeed, Defendants present deposition testimony from Mr. Corning evidencing his awareness of the risks involved in driving the lawnmower and the futility in any additional warnings. Dkt. # 26 at 26 (citing Mr. Corning's deposition); *see also* Dkt. # 27-1 at 36-39 (Mr. Corning testifying that he was familiar with the warning labels on the lawnmower). Plaintiffs do not rebut this contention and fail to offer evidence to the contrary. Accordingly, summary judgment is appropriate on Plaintiffs' failure to warn claim as there is no genuine dispute of material fact that Defendants did not fail to warn

---

[2] Defendants do not question Mr. Riedlinger's qualifications or expertise, but rather question the method and resources he used to reach his opinions. Accordingly, the Court finds that Defendants' use of "credibility" and "unreliability" in their briefing is interchangeable when addressing Mr. Riedlinger's opinions.

Plaintiffs of the dangers associated in utilizing the lawnmower. The Court therefore grants summary judgment with regard to this claim.

### C. Breach of Implied Warranties

Plaintiffs allege that Defendants "breached the implied warrant[y] of merchantability." Dkt. # 21 (First Amended Complaint) at ¶ 6.1. "[A] product seller other than a manufacturer is liable to the claimant only if the claimant's harm was proximately caused by . . . [b]reach of an express warranty made by such product seller[.]" RCW 7.72.040(1)(b). Accordingly, Sears—as the product seller—is not liable under Plaintiffs' claim for breach of an implied—as opposed to an express—warranty. Notably, Plaintiffs offer no response to Defendants' argument on this point.

With regard to MTD, Defendants claim that Plaintiffs failed to show that there exists a genuine issue of material fact that the lawnmower "was not fit for the ordinary purposes for which riding lawn mowers are sold." Dkt. # 26 at 28. RCW 62A.2-314 and RCW 62A.2-315 govern claims for breach of the implied warranty of merchantability and implied warranty of fitness for a particular purpose. As to the former, similar to the manufacturing and design defect analysis above, there is a genuine dispute of material fact as to whether the lawnmower was "fit for the ordinary purposes for which such goods are used." *See* RCW 62A.2-314(2)(c). As to the latter, Plaintiffs fail to present any evidence suggesting that they relied on MTD's "skill or judgment to select or furnish suitable goods[.]" *See* RCW 62A.2-315. Moreover, Plaintiffs do not counter this contention in their opposition brief, nor does Mr. Corning counter this in his deposition testimony. *See, e.g.*, Dkt. # 27-1 at 36-37 (Mr. Corning agreeing that he read the owner's manual for the lawnmower in the store "to see if it was consistent with [his] experience"). As such, the Court grants summary judgment to the extent Plaintiffs plead a claim for breach of the implied warranty of fitness. However, Plaintiffs may try their claim for breach of the implied warranty of merchantability to the jury.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motion for summary judgment. Dkt. # 26.

Dated this 20th day of February, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge