HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN CORNING, et al.,

    Plaintiffs,

v.

MTD PRODUCTS, INC., et al.,

    Defendants.

CASE NO. C17-120 RAJ

ORDER

This matter comes before the Court on the parties' motions *in limine*. Dkt. ## 35, 36. The Court **GRANTS in part and DENIES in part** the motions.

## I. BACKGROUND

Plaintiff Corning was injured while operating a Sears Craftsman lawn tractor. The parties are set to try this matter on claims for design and manufacturing defect and the implied warranty of merchantability. The parties are now before the Court on their respective motions *in limine*.

## II. LEGAL STANDARD

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). To decide on the motions *in limine*, the Court is generally guided

by Federal Rules of Civil Procedure 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Civ. P. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

### III. PLAINTIFF'S MOTION IN LIMINE

Plaintiff Corning seeks to exclude testimony or evidence regarding his prior convictions or publicly available status as a sex offender. Dkt. # 36. Defendants wish to include testimony or evidence regarding Plaintiff's 2004 convictions under Federal Rule of Evidence 609(a), as well as his status on the sex offender registry. Dkt. # 40. Defendants claim that the information will be necessary to potentially impeach Plaintiff, and to show that Plaintiff lost work and income due to his background rather than the accident. *Id.*

Rule 609(a)(1)(B) states that a party may attack:

> a witness's character for truthfulness by evidence of a criminal conviction . . . for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]

Fed. R. Evid. 609.

Defendants wish to include evidence regarding Plaintiff's guilty plea to rape of a child in the third degree, bail jumping, and intimidating a witness. Dkt. # 40. The Court must determine whether the probative value of admitting these prior felonies outweighs their prejudicial effect on Plaintiff. To do so, the Court considers "(1) the impeachment

value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of [Plaintiff's] testimony; and (5) the centrality of [Plaintiff's] credibility." *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). Though the Court finds that the first factor—the impeachment value of the prior crimes—weighs in favor of admitting the prior felonies, it concludes that the overall balance of the factors weighs against admission. Importantly, Plaintiff's testimony and credibility are unlikely to be determinative in this matter. Defendants wish to discredit Plaintiff's testimony as to his injuries and his lost work, but they will have access to medical records and physicians as well as select financial documents.[1] The Court finds that the prejudicial effect on Plaintiff is severe in light of the nature of his prior felonies and the little relevance they have in the context of the pending matter. Therefore, the Court **GRANTS** Plaintiff's motion with regard to the nature and specific identities of his prior felonies. Of course, if Plaintiff opens the door to the details or identities of his prior convictions, then Defendants should be permitted to introduce evidence regarding the same. The Court may take a brief recess at the conclusion of Plaintiff's direct examination and prior to Defendants' cross examination to determine and inquire into the extent to which Defendants believe Plaintiff may or may not have opened the door to the specifics of his prior convictions.

However, the Court finds that the probative value of the fact of Plaintiff's prior convictions outweighs the potential prejudice to Plaintiff. That is, the Court will not foreclose Defendants' ability to impeach Plaintiff with his deposition testimony that his background may have cost the company certain business accounts. The Court will admit

---

[1] In addition, Defendants' response brief references a host of inquiries appropriate for trial to elicit the response that Defendants seek. Dkt. # 40 at 7 (stating that "Plaintiffs have produced no accounting documents showing they had these accounts before the accident, when they lost the account, what they did to preserve the account or why they lost the account.").

evidence that Plaintiff has a criminal background, and specifically that he has three prior felonies, but will preclude admission of the underlying nature or details of those crimes.[2] As such, the Court **DENIES** Plaintiff's motion to the extent he seeks to preclude admission of the fact of his prior convictions.

Defendants also wish to admit evidence regarding Plaintiff's public status as a sex offender. Dkt. # 40. Plaintiff argues that admitting evidence of his status "is unduly prejudicial, [its] probative value is substantially outweighed by the danger of unfair prejudice, confusing issues, wasting time, and misleading the jury[.]" Dkt. # 44 at 2; *see also* Fed. R. Evid. 403. Defendants argue that Plaintiff's publicly available status is central to Defendants' argument that Plaintiff did not lose eighteen accounts due to his injuries, but rather "[d]ue to some of [his] background." Dkt. # 41-8 at 10 (conceding that Plaintiff gave up his ownership interest in the business when his background caused a substantial loss of work). For the same reasons that the Court will not admit the underlying nature of Plaintiff's crimes, the Court will similarly preclude the admission of Plaintiff's status as a sex offender. The Court finds that the probative value of this evidence is substantially outweighed by the prejudicial effect on Plaintiff. But if Plaintiff opens the door to his status on the sex offender registry, then Defendants should be permitted to introduce evidence regarding the same. Accordingly, the Court **GRANTS** Plaintiff's motion with regard to his status as a sex offender.

## IV. DEFENDANTS' MOTION IN LIMINE

Defendants wish to exclude portions of Plaintiff's deposition testimony and preclude Plaintiff from testifying about "discussions with his medical providers and the nature, extent, treatment, and cause of his injuries[.]" Dkt. # 35 at 1. Defendants claim that the deposition excerpts and testimony would amount to hearsay as well as improper

---

[2] To reiterate, Defendants may not specifically identify the three felonies; the only admissible evidence at this stage is the fact that Plaintiff has been convicted of three felonies.

layperson testimony. *Id.* Plaintiff wishes "to testify to the medical treatment he received and parts of his body that were in pain due to the incident/injured due to the incident." Dkt. # 42. Plaintiff further concedes that "[m]edical diagnosis would be left to medical provider's testimony such as Dr. Clark." *Id.*

Federal Rule of Evidence 701 provides that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. However, "[j]ust because a lay witness cannot testify about his opinion as to the causation of the emotional distress does not mean that a plaintiff cannot testify about the surrounding facts which prove a causal link between the alleged wrong and the alleged damage, even without an expert." *Boren v. Harrah's Entm't Inc.*, No. 2:08-CV-00215-GMN, 2010 WL 4340641, at *2 (D. Nev. Oct. 26, 2010).

Plaintiff may testify and include deposition testimony regarding his observation and experience as a result of the accident. But he may not opine on diagnoses, scientific or medical opinions—including statements that his doctors may have made to him—, or the medical cause of his injuries, and he may not offer opinions regarding his medical records. Accordingly, the Court **GRANTS in part** Defendants' motion.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** the motions. Dkt. ## 35, 36.

Dated this 16th day of March, 2018.

The Honorable Richard A. Jones
United States District Judge